21st Mtge. Corp. v Rudman (2021 NY Slip Op 02377)





21st Mtge. Corp. v Rudman


2021 NY Slip Op 02377


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-10177
 (Index No. 514754/15)

[*1]21st Mortgage Corporation, etc., respondent,
v
Mannes Rudman, et al., defendants, BP Hatzlucha Management Corp., appellant.


Avi Rosenfeld, Lawrence, NY, for appellant.
Rowlands, Lebrou & Griesmer, PLLC, Saratoga Springs, NY (Michael J. Catalfimo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant BP Hatzlucha Management Corp. appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 5, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and to appoint a referee to compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 5, 2006, the defendant Mannes Rudman executed a note with Option One Mortgage Corporation (hereinafter Option One) in the sum of $598,500. The note was secured by a mortgage on real property located in Brooklyn. By summons and complaint dated October 23, 2006, Option One commenced an action to foreclose the mortgage (hereinafter the 2006 action). Rudman transferred the subject property to BP Hatzlucha Management Corp. (hereinafter BP Hatzlucha) in March 2012. By order dated March 28, 2013, the Supreme Court granted Option One's motion, inter alia, to voluntarily discontinue the 2006 action. In December 2015, the plaintiff commenced this action to foreclose the mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against BP Hatzlucha and to appoint a referee to compute the amount due to the plaintiff. The court granted the plaintiff's motion. BP Hatzlucha appeals.
During the pendency of this appeal, the Court of Appeals decided Freedom Mtge. Corp. v Engel (___ NY3d __, 2021 NY Slip Op 01090) in which it held, inter alia, that "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (___ NY3d ___, 2021 NY Slip Op 01090, at *6). Here, even assuming, as argued by BP Hatzlucha, that Option One's commencement of the 2006 action effected a valid acceleration of the mortgage debt, Option One's voluntary discontinuance of that action constituted a revocation of the acceleration as a matter of law. Thus, BP Hatzlucha failed to raise a triable issue of fact as to [*2]whether this action is time-barred. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against BP Hatzlucha and to appoint a referee to compute the amount due to the plaintiff.
BP Hatzlucha's remaining contentions are either academic or without merit.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court